UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATHLEEN L. MIDKIFF,**

    Plaintiff,

v.                                                                                                                          Case No: 8:14-cv-2076-T-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

# ORDER

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

## I.  BACKGROUND

Plaintiff filed an application for DIB benefits on March 21, 2011 and an application for SSI benefits on April 13, 2011, alleging disability beginning December 1, 2010. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on February 25, 2013 where both the Plaintiff and an impartial vocational expert testified. On May 7 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 16-28). Plaintiff's request for review was denied by the Appeals Council (Tr. 5-7), and Plaintiff initiated this action on August 25, 2014. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, Plaintiff was fifty-two (52) years old. (Tr. 27, 643). Plaintiff has a high school diploma and took some college courses in business management and administration. (Tr. 643). She has past work experience as a general office clerk, billing clerk, and census taker. (Tr. 679-80).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: disc bulging at the C4-5 and C5-6 levels, central disc protrusion at the C3-4 and C-2 with straightening of mid/lower cervical lordosis and spondylosis; mild to moderate stenosis at the L4-5 level due to degenerative changes with a small central L5-S1 disc protrusion with mild indention on the thecal sac at the L5-S1 level and generalized anxiety disorder, post-traumatic stress disorder, mood disorder, and depressive disorder. (Tr. 18).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. 20). The ALJ found that Plaintiff can lift 10 pounds frequently and 20 pounds occasionally; and stand and/or walk approximately 6 hours in an 8-hour workday with normal breaks. The ALJ further found that Plaintiff can occasionally climb ladders, ropes and scaffolds, but frequently can climb ramps or stairs, balance, stoop, kneel, bend or crawl. The ALJ limited Plaintiff to unskilled work with a specific vocational preparation (SVP) of 1 or 2 simple, routine, repetitive tasks with occasional interaction with public.

Based upon her RFC, the ALJ found that Plaintiff could perform her past relevant work as a general office clerk, as well as jobs that exist in significant numbers in the national economy, such as mailroom clerk, produce line inspector, and laundry sorter. (Tr. 26, 27-28). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could

perform in light of his limitations. (Tr. 27). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have

reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises four arguments on appeal: (1) the ALJ failed to properly consider the opinions of Dr. Ekonomou and Dr. Martin; (2) the ALJ's mental RFC is not supported by substantial evidence; (3) the ALJ's light RFC finding is not supported by substantial evidence; and (4) the ALJ failed to properly consider the combination of impairments and subjective complaints.

#### A. The ALJ's failure to discuss GAF scores does not require remand

Plaintiff argues that the ALJ erred by failing to discuss or state what weight was given to GAF scores noted by Yvonne Ekonomo, D.O. and Andres Martin, M.D. (Tr. 547, 589). Plaintiff argues that these doctors assigned GAF scores of 35- 40 and 47, and that the failure to refer to them requires remand. However, other than citing these scores, Plaintiff fails to show how they establish that she had limitations beyond those included in the mental RFC finding.

The GAF scale describes an individual's overall psychological, social, and occupational functioning as a result of mental illness. A GAF score "does not itself necessarily reveal a particular type of limitation and 'is not an assessment of a claimant's ability to work.'" *See e.g., Ward v. Astrue,* 2008 WL 1994978, at *3 (M.D. Fla. 2008). In fact, "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that the GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 Fed. App'x 684, 692 n.5 (11th Cir. 2005)(unpublished)(quoting Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746-01, 2001 WL 1173632 (Aug. 21, 2000). Moreover, the

American Psychiatric Association abandoned the GAF scale all together in the most recent DSM because of "its conceptual lack of clarity . . . and questionable psychometrics in routine practice." *Braid v. Comm'r of Soc. Sec.*, No. 6:13-cv-230-Orl-GJK, 2014 WL 1047377, at *5 n. 9 (M.D. Fla. Mar. 18, 2014) (citing Am. Psychiatric Ass'n Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013)).

Accordingly, courts in this district have recognized that GAF scores are of "questionable value in determining an individual's mental functional capacity." *Wilson v. Astrue*, 653 F.Supp.2d 1282, 1293 (M.D.Fla. 2009) (quoting *Gasaway v. Astrue*, No. 8:06-cv-1869-T-TGW, 2008 WL 585113, at *4 (M.D. Fla. Mar. 3, 2008)). Moreover, because of their "questionable value" courts have generally declined to find reversible error where an ALJ does not expressly discuss GAF scores. *Braid v. Comm'r of Soc. Sec.,* 6:13-cv-230-Orl-GJK*,* 2014 WL 1047377, at *5 (citing cases).

Here, the ALJ's failure to mention the GAF scores assigned by Dr. Ekonomo and Dr. Martin does not require remand. Although the ALJ did not specifically discuss the GAF scores, he discussed Plaintiff's mental impairments and explained how they were considered. A review of the record, as discussed *infra*, reveals that the ALJ properly considered Plaintiff's alleged mental impairments. Moreover, the fact that the ALJ mentioned the GAF score of 60 assigned by another doctor does not somehow impose a requirement on the ALJ to discuss all GAF scores in the record. Accordingly, the failure to refer specifically to the GAF scores does not render the ALJ's decision unsupported by substantial evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211, (11th Cir. 2005).

For these same reasons, the GAF scores assigned by Marne Weston, a licensed clinical social worker, were not entitled to any weight or discussion. (Doc. 27 at 17-19). In addition,

Ms. Weston was not an acceptable medical source and, thus, her GAF scores are not medical opinions entitled to any weight or discussion. *See* 20 C.F.R. §§ 404.1502, 404.1513(a), (d), 404.1527(A)(2), 416.902, 416.913(a), (d), 416.927(a)(2); SSR 06-03p.

### B. The ALJ's mental RFC is supported by substantial evidence . . . .

Plaintiff argues that the ALJ's mental RFC determination is not supported by substantial evidence. The ALJ found that despite Plaintiff's severe mental impairments (i.e., generalized anxiety disorder, post-traumatic stress disorder, mood disorder, and depressive disorder), she could perform "unskilled work with a specific vocational preparation (SVP) of 1 or 2 simple, routine, repetitive tasks with occasional interaction with public." (Tr. 20).

While Plaintiff cites to various diagnoses, she fails to show that her mental impairments result in functional limitations that are not accounted for by the ALJ's mental RFC. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard"). Likewise, as discussed *supra*, GAF scores assigned by various doctors do not establish functional limitations. Plaintiff also contends that her own description of her mental condition showed that she had additional limitations. (Doc. 27 at 19-20). However, as discussed *infra*, substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were not fully credible.

Plaintiff contends that the ALJ erred by failing to sufficiently account for her moderate limitations in social functioning and in maintaining concentration, persistence or pace in her RFC determination and in the hypothetical question posed to the VE. At step three, the ALJ found that Plaintiff had "moderate difficulties" in social functioning and in maintaining concentration, persistence or pace. (Tr. 26). Then, in her RFC assessment and in the hypothetical posed to the

VE, the ALJ limited Plaintiff to the performance of "unskilled work with a specific vocational preparation (SVP) of 1 or 2 simple, routine, repetitive tasks with occasional interaction with public." (Tr. 28, 57-58).

When the ALJ finds that a claimant has limitations as part of the Psychiatric Review Technique ("PRT") employed at steps two and three, the ALJ must account for those limitations in the RFC assessment. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011)). However, an ALJ may adequately account for his PRT ratings when the medical evidence supports the RFC finding or the ALJ otherwise implicitly accounts for his ratings. *Winschel*, 631 F.3d at 1180 ("when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations"); *see also, Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871-72 (11th Cir. 2011)(unpublished) (hypothetical limiting claimant to "simple instructions and simple tasks," sufficiently accounted for limitations in concentration, persistence and pace because, despite these limitations, the medical evidence in the record demonstrated that claimant retained the ability to follow simple instructions and complete simple tasks).

Here, there is substantial evidence relied on by the ALJ to support his mental RFC assessment, which implicitly accounted for PRT ratings of moderate difficulties in social functioning and concentration, persistence, or pace. (Tr. 19-26). The ALJ accorded great weight to the opinion of state agency psychologist, George Grubbs, Psy.D. State agency consultants, such as Grubbs, are highly qualified specialists who are experts in the Social Security disability programs, and their opinions may be entitled to great weight if supported by the evidence. 20 C.F.R. §§ 404.1527(C)(2)(i), 416.927(c)(2)(i); SSR 96-6p. Grubbs opined that despite moderate

difficulties in social functioning and in maintaining concentration, persistence or pace, Plaintiff's mental impairment was not of "disabling proportions" and Plaintiff appeared capable of performing simple, unskilled repetitive assignments and tasks without difficulty. (Tr. 25, 49-50). Grubbs further noted that Plaintiff would be able to be socially appropriate and accept criticism from supervisors but would have difficulties cooperating with others. The ALJ, however, refused to give credence to the opinion of state agency psychologist, James Brown, PhD., who opined that Plaintiff had only mild limitations. (Tr. 25). The ALJ gave Plaintiff "the benefit of the doubt" and found that she had a "severe" mental impairment and limited her to unskilled work. (Tr. 25). Plaintiff does not challenge the ALJ's consideration of this opinion evidence.

While Plaintiff focused on evidence suggesting some periods of greater symptoms in early 2012, she failed to show that she had disabling or additional mental limitations for a consecutive twelve-month period as required by the regulations. *See* 42 U.S.C. §§ 423(D)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(A), 404.1509, 416.905(a), 416.909. As the ALJ discussed, on January 31, 2012, Plaintiff was admitted to St Joseph's hospital for worsening back pain and requested to speak with a mental health specialist due to increasing depression. (Tr. 23, 463-72, 502). Plaintiff was diagnosed *inter alia* with depression and referred to mental health care. (Tr. 473). The ALJ discussed Plaintiff's subsequent treatment at Tampa Mental Health Care, Inc. (MHC) from February 3, 2012 through May 2012. (Tr. 23). While the ALJ did not specifically mention Plaintiff's voluntary 3-day hospitalization at MHC in May 2012 for depression and suicidal thoughts, Plaintiff fails to identify any evidence (other than diagnoses and GAF scores) that support additional mental limitations lasting the requisite twelve months. (Tr. 547-550).

Accordingly, substantial evidence supports the ALJ's mental RFC determination and the hypothetical posed to the VE sufficiently accounted for Plaintiff's limitations.

### C. The ALJ's physical RFC is supported by substantial evidence

Plaintiff argues that the ALJ's RFC, limiting her to less than a full range of light work, is not supported by substantial evidence. While Plaintiff argues that the medical evidence does not support the finding that she can perform light work, she fails to identify any medical evidence that supports disabling or greater limitations. Plaintiff notes that no treating or examining source completed an RFC stating that Plaintiff could perform light work. Contrary to Plaintiff's suggestion, the fact that no treating or examining doctor placed any restrictions on Plaintiff's ability to work actually supports the ALJ's assessment of Plaintiff's RFC and his determination that her allegations of disabling limitations were not entirely credible. (Tr. 24). *See* 20 CFR §§ 404.1527, 404.1529(c), 404.1545(a)(3), 416.927, 416.929(c), 416.945(a)(3); *Powell v. Comm'r Soc. Sec.*, 571 F. App'x 914, 917 (11th Cir. 2014; *Packer v. Comm'r Soc. Sec. Admin*, 542 F. Appx 890, 892 (11th Cir. 2013).

Plaintiff also argues that the ALJ improperly relied on the RFC assessment by non-examining medical consultant, Thomas Peele, M.D. (Tr. 25). As an initial matter, the opinion of a state agency consultant may be entitled to great weight, when as here, it is supported by the evidence. 20 C.F.R. §§ 404.1527(C)(2)(i), 416.927(c)(2)(i); SSR 96-6p. Dr. Peele reviewed the evidence in September 2011 and opined that Plaintiff could perform light work with postural limitations. (Tr. 61-63). Dr. Peele explained the evidentiary basis for his assessment and the record supports his explanation. *See T.R.C. ex rel. Boyd v. Comm'r Social Sec. Admin*, 553 F. App'x 914, 917-18 (11th Cir. 2014). While Plaintiff correctly notes that Dr. Peele did not review any evidence after his assessment in September 2011, Plaintiff failed to identify any record

evidence supporting greater functional limitations. Moreover, the ALJ reviewed all of the evidence and concluded that Dr. Peele's opinion was consistent with the record. Accordingly, substantial evidence supports the ALJ's decision to accord substantial weight to Dr. Peele's opinion.

Finally, Plaintiff argues that the ALJ improperly gave "little weight" to the opinion of Rockne Lee, a Vocational Rehabilitation Counselor. Mr. Lee opined that Plaintiff was not eligible for vocational rehabilitation services because her disability was too severe in December 2012 to result in an employment outcome. (Tr. 26, 170, 180-81). This opinion, however, was not entitled to any special consideration because Mr. Lee is not an acceptable medical source, but rather an "other" source. *See* 20 CFR §§ 404.1513(a), (d), 404.1527(a)(2), 416.913(a), (d), 416.927(a)(2). Moreover, an opinion that a claimant is disabled or regarding the application of vocational factors, is not entitled to any special significance because it is an opinion "on issues reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d), 416.927 (d); SSR 96-5p.

Accordingly, substantial evidence supports the ALJ's finding that Plaintiff could perform light work. Plaintiff has failed to show that she had disabling or additional limitations beyond those included in the RFC.

**D.     The ALJ properly considered Plaintiff's impairments in combination and substantial evidence supports the ALJ's credibility determination**

Plaintiff argues that the ALJ failed to weigh all of plaintiff's impairments in determining Plaintiff's RFC. Specifically, Plaintiff contends that the ALJ erred at step two by failing to include headaches as a severe impairment, and then failed to consider headaches when determining Plaintiff's RFC.

However, because the ALJ found several impairments to be severe and proceeded to step three of the sequential analysis, the ALJ's analysis at step two does not constitute reversible error.

*Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Moreover, the ALJ properly considered Plaintiff's impairments in combination as required by Eleventh Circuit law. Where a claimant alleges more than one impairment, the Commissioner has a duty to consider the cumulative effects of the impairments in making the determination as to whether the claimant is disabled. *Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (citing *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985), *aff'd on other grounds*, *Sullivan v. Hudson*, 490 U.S. 877 (1989)). Here, the ALJ discussed Plaintiff's complaints and treatment for headaches. (Tr. 21-24). Moreover, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity" of any of the impairments listed in the regulations and noted that in making his RFC finding he "considered all symptoms." (R. 19, 21). These statements are more than sufficient to demonstrate that the ALJ properly considered Plaintiff's impairments in combination.

Next, Plaintiff argues that the ALJ failed to properly evaluate her subjective complaints. The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 24.) When as here, an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (finding that articulated reasons must be based on substantial evidence). The ALJ met his burden.

Contrary to Plaintiff's contention, the ALJ reviewed the record as a whole and reasonably found that the objective medical evidence and Plaintiff's reported level of activity were

inconsistent with the alleged disabling symptoms. The medical evidence reflects mostly conservative treatment and no treating or examining doctor imposed limitations on Plaintiff's ability to work. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ may consider a claimant's course of "conservative treatment as evidence that contradicts complaints of disabling symptoms). The ALJ also properly noted that Plaintiff's self-reported activities including, flying back and forth from Ohio to Florida, caring for her own personal needs, shopping, preparing simple meals, performing light household chores, and attending church were inconsistent with disabling symptoms. *See Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005).

Accordingly, the ALJ articulated compelling reasons, well-supported by the record, for discrediting Plaintiff's subjective complaints.

**IV.    CONCLUSION**

For the reasons stated above, the ALJ'S decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). The **Clerk is directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on March 4, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties